UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DETRECK GOLES,<br><br>　　　　Petitioner,<br><br>v.<br><br>Warden RICARDO RIOS,<br><br>　　　　Respondent. | Civil No. 08-559 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.　BACKGROUND**

In 2005, Petitioner pled guilty in the United States District Court for the District of Kansas to federal criminal charges involving the distribution of crack cocaine. He was sentenced to 60 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner is now approaching the end of his federal prison sentence. According to a prison "Progress Report" dated January 11, 2008, Petitioner's projected release date, (if he earns all available good time credits), is December 14, 2008. ("Memorandum of Law," [Docket No. 2], Attachment.) Petitioner presumably will be eligible for release to a Residential Re-entry Center, ("RCC"), or "half-way house," sometime during the last six months of his sentence. See 18 U.S.C. § 3624(c). However, it appears that Petitioner's release to a half-way house may be in jeopardy, because he has refused to admit that he is a sex offender.

Petitioner alleges that the Bureau of Prisons, ("BOP"), has instructed him to sign a certain form acknowledging that he is a sex offender, but he has refused to sign that form. Petitioner claims that he is <u>not</u> a sex offender, that he should not be registered as a sex offender, and that he should not be required to sign any form acknowledging that he is a sex offender. The BOP allegedly has threatened to hold up Petitioner's assignment to a half-way house if he does not sign the requisite sex offender acknowledgment form.

Petitioner further alleges that he has been charged with violating BOP disciplinary rules, because of his refusal to sign the sex offender acknowledgment form. A hearing on those charges was conducted by a "Disciplinary Hearing Officer," ("DHO"), and Petitioner was found guilty. As a result, Petitioner suffered several disciplinary sanctions, including loss of phone privileges and loss of a prison job.

Petitioner is now requesting a writ of habeas corpus that would compel the BOP to recognize that he is not a sex offender, and assign him to a half-way house in the manner prescribed for non-sex offenders. It appears that he also wants the BOP to vacate the disciplinary sanctions imposed by the DHO.

Petitioner has expressly acknowledged, however, that he has not yet exhausted his available administrative remedies for the claims that he is attempting to bring in this action. Therefore, Petitioner's current habeas corpus claims cannot be entertained at this time.

## II.     DISCUSSION

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion); United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002) (per curiam) (unpublished opinion).  See also Gallo-Vasquez v. Federal Bureau of Prisons, Civil No. 06-1457 (PAM/SRN), (D.Minn. 2006), 2006 WL 1428128, at *1 ("[b]ecause Petitioner is challenging the BOP's computation and execution of his sentence, he must first exhaust his administrative remedies").

Our Court of Appeals has identified four important objectives that are promoted by the exhaustion requirement.  First, exhaustion helps to ensure a more complete development of the factual record before the matter is brought into federal court.  Second, exhaustion gives the reviewing court the benefit of whatever special knowledge and experience the administrative agency may have to offer.  Third, the exhaustion requirement acknowledges the autonomy of administrative agencies, and the authority that Congress has vested in them.  Finally, to the extent that claims can be resolved at the administrative level, the exhaustion requirement promotes judicial economy. See Mason v. Ciccone, 531

F.2d 867, 870 (8th Cir. 1976); see also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

The federal Bureau of Prisons, ("BOP"), has provided an administrative remedy process for federal prisoners, which is set forth at 28 C.F.R. §§ 542.10-.19. Those regulations prescribe four steps that must be taken to satisfy the exhaustion requirement: (I) an inmate must first present his claim to an appropriate prison staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden, (Form BP-9); (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director, (Form BP-10); and (iv) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office, (Form BP-11).  To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps.

In this case, Petitioner has expressly acknowledged that he has only just begun to pursue the administrative remedies provided by the BOP, and he has not fully exhausted his available administrative remedies.  (See Petition, [Docket No. 1], p. 7, ¶ 16; "Memorandum of Law," [Docket No. 2], pp. 2-3, ¶ 10.)

Petitioner contends that he should be excused from the exhaustion of administrative remedies requirement, because he is "unsure as to the procedure for Administrative Remedy pertaining to a non-B.O.P. decision."  (Petition, p. 7, ¶ 17.)  His petition also mentions the alleged "futility of Administrative Remedy and the necessity of time requirements for successful RRC placement."  (Id., ¶ 18 ; see also "Memorandum of Law," p. 3, ¶ 14.)

However, Petitioner's "futility" argument is simply conclusory.  He has made no effort whatsoever to explain why he thinks it would be "futile" to attempt to exhaust his

administrative remedies.  Therefore, Petitioner's "futility" argument must be rejected.

The Court finds no valid reason to excuse Petitioner from the exhaustion of administrative remedies requirement in this case.  To the contrary, it is entirely appropriate to require Petitioner to exhaust his administrative remedies before seeking federal habeas corpus relief.  If Petitioner seeks relief through the BOP's administrative remedy process, he will have an opportunity to identify and explain his claims more clearly.  If he has a claim that is truly valid, the BOP should have an opportunity to resolve it, so that judicial intervention can be avoided.

### III.  CONCLUSION

In sum, the Court finds that this action should be summarily dismissed, pursuant to Rule 4 of the Governing Rules, because Petitioner did not exhaust his available administrative remedies before seeking federal habeas corpus review of his claims.  It will be recommended that this action be dismissed without prejudice, so that Petitioner can return to federal court, if necessary, after he satisfies the exhaustion requirement by pursuing <u>each step</u> of the BOP's administrative remedy process.

### IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

Dated:  March 17, 2008

    s/ Arthur J. Boylan
    ARTHUR J. BOYLAN
    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 1, 2008.